UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GILBERT RYAN RAYNOR GOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  23-02563 (UNA) |
| ) | |
| ) | |
| UNITED STATES OF AMERICA *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2.  The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint is frivolous or seeks monetary relief from an immune defendant).

Plaintiff is a resident of Portsmouth, Virginia, who has sued the United States.  He states that the "Air Force and the United States could have prevented the tortures" he has "endured from the start."  ECF No. 1 at 4.  Plaintiff alleges that because of Defendants' negligent practices, he has "been tortured [and] experimented on as a telephist [sic]."  *Id*.  He seeks $150,000,000 for the "tortures endured" and $15,000,000 for the experimentation.  *Id*. at 5.  As the basis of jurisdiction, Plaintiff mentions "the Geneva Convention; 2340 [and] Torture," ECF No. 1 at 3, which invokes at best 28 U.S.C. § 1350, titled "Alien's action for tort."  *See Escarria-Montano v. United States*, 797 F. Supp. 2d 21, 24 (D.D.C. 2011) ("Torture is a subject the courts are authorized to address under § 1350" because the Torture Victim Protection Act of 1991 (TVPA) "creates a cause of action against an individual who subjects another to torture or 'extrajudicial killing' while acting

'under actual or apparent authority, or color of law, of any foreign nation.' ") (quoting § 1350, note Sec. 2(a)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* pleadings are "to be liberally construed").

Federal courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). A complaint "is properly dismissed as frivolous" when "it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted," *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981), or when it lacks "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint satisfies both standards. *See id.* (the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Most important, the United States and its agencies are immune from suit save "clear congressional consent," *United States v. Mitchell*, 445 U.S. 535, 538 (1980), and a waiver of sovereign immunity "must be unequivocally expressed in statutory text," *Mowrer v. United States Dep't of Transportation*, 14 F.4th 723, 728 (D.C. Cir. 2021). The TVPA does not "contain[] language authorizing a lawsuit against the United States." *Escarria-Montano*, 797 F. Supp. 2d at 24. Consequently, this case will be dismissed by separate order.

Date: October 19, 2023

_____
JIA M. COBB
United States District Judge